UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION AT TOLEDO

| | |
|---|---|
| **MEGAN GUERRETTE** <br> 8138 Silverstone Drive <br> Waterville, Ohio 43566 <br><br> Plaintiff(s) <br><br> v. <br><br> **WELLS FARGO BANK, N.A.** <br> ℅ Corporation Service Company <br> 3366 Riverside Drive, Suite 103 <br> Upper Arlington, Ohio 43221 <br><br> Defendant. | Case No. <br><br> Judge <br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiff Megan Guerrette ("Plaintiff" or "Ms. Guerrette") and for her Complaint for Damages against Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") hereby states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Megan Guerrette ("Ms. Guerrette") is a natural person who resides at 8138 Silverstone Drive, Waterville, Ohio 43566 and has resided at this location for all relevant times herein.

2. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a foreign nationally/federally chartered bank headquartered in Sioux Falls, South Dakota with locations throughout the United States, including, Ohio. Wells Fargo offers a variety of financial services

1

to its consumer members including but not limited to, banking, credit cards, business and personal loans, and mortgages.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) as this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA).

4. This Court has supplemental jurisdiction to hear any state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## STATEMENT OF FACTS

6. Plaintiff alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

7. At all times relevant, Defendant acted by and through its authorized agents and/or employees before, during, and after the transaction with Ms. Guerrette.

8. In January 2022, Ms. Guerrette received a billing statement from Wells Fargo indicating that she had opened an account with Wells Fargo and initiated a $15,000.00 line of credit.

9. Ms. Guerrette had never engaged in a relationship with Wells Fargo and had never provided Wells Fargo with her personal identifying information at any time.

10. On or about February 8, 2022, Ms. Guerrette received a billing statement from Wells Fargo requesting payment of $480.85, as evidenced by a true and accurate copy of the February 2022 Billing Statement attached to this Complaint as Exhibit A. The statement

2

indicated a total principal balance of $15,000.00. The statement further indicated that no previous payments had been received.

11.     Ms. Guerrette immediately contacted Wells Fargo to dispute the account and opened claim no. 265815184 to report fraudulent activity.

12.     On or about March 14, 2022, Ms. Guerrette received a letter from Wells Fargo stating that after a "reasonable investigation," Wells Fargo found no evidence of fraud, as evidenced by a true and accurate copy of the Letter from Wells Fargo attached to this Complaint as Exhibit B. The letter further indicated that Ms. Guerrette was responsible for paying the balance on the account along with all finance charges and fees associated with the balance.

13.     On or about March 23, 2022, Ms. Guerrette immediately contacted Wells Fargo and spoke to a Wells Fargo representative who reported that a bank account ending in 8231 had been opened in Ms. Guerrette's name. Ms. Guerrette denied having any previous relationship with Wells Fargo and denied opening a bank account ending in 8231.

14.     Ms. Guerrette was anxious, frightened and alarmed to learn this information as she had never previously given Wells Fargo her identifying information prior to this call.

15.     Following the call with Wells Fargo, Ms. Guerrette received a letter from Wells Fargo stating that, as a follow-up to their recent conversation, Wells Fargo has restricted the ability to withdraw funds from account ending in 8231 due to suspected unauthorized activity on the account, as evidenced by a true and accurate copy of the March 23, 2022 – Letter from Wells Fargo attached to this Complaint as Exhibit C.

16.     On or about March 31, 2022, Ms. Guerrette received a letter from Wells Fargo stating they canceled automatic payments on account ending in 8231 due to ACH payment

returned as "Account Frozen" as evidenced by a true and accurate copy of the March 31, 2022 – Letter from Wells Fargo attached to this Complaint as Exhibit D.

17. That same day of March 31, 2022, Ms. Guerrette received a second letter from Wells Fargo indicating that because automatic payment service was canceled, Ms. Guerrette was no longer eligible for a .250% interest rate decrease, as evidenced by a true and accurate copy of the March 31, 2022 – Second Letter from Wells Fargo attached to this Complaint as Exhibit E. As such, Ms. Guerrette was responsible for a remaining balance of $14,651.75 at an interest rate of 9.740%.

18. Ms. Guerrette continued to dispute the activity with Wells Fargo.

19. On or about April 5, 2022, Ms. Guerrette received a letter from Wells Fargo stating that after review of Ms. Guerrette's identity theft claim, Ms. Guerrette bore no financial liability for account ending in 8231 as evidenced by a true and accurate copy of the April 5, 2022 – Letter from Wells Fargo attached to this Complaint as Exhibit F. The letter further confirmed that Ms. Guerrette did not open an account or have knowledge of an account opening with Wells Fargo. As such, Wells Fargo removed any information that may have been reported to credit reporting agencies.

20. On or about April 8, 2022, Ms. Guerrette received a billing statement from Wells Fargo requesting payment of $1,002.22, as evidenced by a true and accurate copy of the April 2022 Billing Statement attached to this Complaint as Exhibit G. The statement indicated a total principal balance of $14,651.75. The statement further indicated that no previous payments had been received.

21. On or about May 3, 2022, Ms. Guerrette received a letter from Wells Fargo indicating that account ending in 8231 will be closed due to a claim of identity theft, as evidenced by a true and accurate copy of the May 3, 2022 – Letter from Wells Fargo attached to this Complaint as Exhibit H.

22. On or about May 9, 2022, Ms. Guerrette received a billing statement from Wells Fargo requesting payment of $1,523.59, as evidenced by a true and accurate copy of the May 2022 Billing Statement attached to this Complaint as Exhibit I. The statement indicated a total principal balance of $14,651.75. The statement further indicated that no previous payments had been received.

23. On or about June 8, 2022, Ms. Guerrette received a billing statement from Wells Fargo requesting payment of $2,044.96, as evidenced by a true and accurate copy of the June 2022 Billing Statement attached to this Complaint as Exhibit J. The statement indicated a total principal balance of $14,651.75. The statement further indicated that no previous payments had been received.

24. On or about June 15, 2022, Ms. Guerrette received a letter from Wells Fargo stating that after review of Ms. Guerrette's identity theft claim, Ms. Guerrette bore no financial liability for account ending in 8231 as evidenced by a true and accurate copy of the June 15, 2022 – Letter from Wells Fargo attached to this Complaint as Exhibit K. The letter further confirmed that Ms. Guerrette did not open an account or have knowledge of an account opening with Wells Fargo. As such, Wells Fargo removed any information that may have been reported to credit reporting agencies.

25. On or about July 29, 2022, Ms. Guerrette received a billing statement from Wells Fargo requesting payment of $15,394.91, as evidenced by a true and accurate copy of the July 2022 Billing Statement attached to this Complaint as Exhibit L. The statement further indicated that no previous payments had been received.

26. On or about August 2, 2022, Ms. Guerette received a letter from Wells Fargo stating that Ms. Guerrette's account balance of $15,394.91 was seriously delinquent, as evidenced by a true and accurate copy of the August 2, 2022 – Letter from Wells Fargo attached to this Complaint as Exhibit M. The letter further indicated that Wells Fargo had reported the unpaid balance to credit reporting agencies.

27. On or about August 16, 2022, Ms. Guerette filed a police report with the Waterville Police Department as evidenced by a true and accurate copy of the Police Report attached to this Complaint as Exhibit N. Ms. Guerrette reported to police that someone had opened a line of credit for $15,000.00 with Wells Fargo in her name and that despite Wells Fargo confirming the fraudulent activity, she continues to receive statements from Wells Fargo.

28. On or about October 11, 2022, Ms. Guerrette received a letter from Wells Fargo offering to settle her delinquent account for 40% of her outstanding balance of $15,394.91, as evidenced by a true and accurate copy of the October 11, 2022 – Letter from Wells Fargo attached to this Complaint as Exhibit O.

29. The FTC recommends that identity theft victims take several steps to protect their personal and financial information after a data breach, including contacting one of the credit bureaus to place a fraud alert (consider an extended fraud alert that lasts for 7 years if someone steals their identity), reviewing their credit reports, contacting companies to remove

6

fraudulent charges from their accounts, placing a credit freeze on their credit, and correcting their credit reports.[1]

30. Identity thieves use stolen personal information for a variety of crimes, including credit card fraud, phone or utilities fraud, and bank/finance fraud.

31. Ms. Guerrette has already suffered ascertainable losses in the form of out-of-pocket expenses, and the value of her time reasonably incurred to remedy or mitigate the effects of the apparent identity theft including but not limited to closely reviewing and monitoring bank accounts and credit reports for unauthorized activity for years to come.

## COUNT ONE: VIOLATION OF THE FDCPA

32. Plaintiff alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

33. Ms. Guerrette is a consumer as defined in 15 U.S.C. § 1692 (a)(1).

34. Wells Fargo is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6) because Wells Fargo uses the mail and interstate commerce in furtherance of a principal business purpose, which is the collection of personal loans.

35. The debt that Wells Fargo was trying to collect from Ms. Guerrette was a personal loan which arose out of a transaction which was primarily for personal, family or household purposes as defined by the FDCPA at 15 U.S.C. § 1692(a)(5).

36. Defendant's actions to collect the debts at issue constitute violations of the FDCPA including, but not limited to the following sections:

---

[1] https://www.identitytheft.gov/#/Steps

7

   a. § 1692(d) – Engaging in any conduct the natural consequence of which is to harm, oppress, or abuse any person;

   b. § 1692(e) – Making false, deceptive, or misleading representation or means in connection with the debt collection;

   c. § 1692(e)(2) – Misrepresenting the character, amount, or legal status of the alleged debt;

   d. § 1692(f) – Engaging in any unfair or unconscionable means to collect or attempt to collect the alleged debt; and

   e. § 1692(f)(1) – Engaging in an attempt to collect an amount of which they were not entitled.

37. As a consequence of Defendant's conduct, Ms. Guerrette incurred legal fees in her defense of Defendant's collection attempts.

38. Defendant's conduct caused Ms. Guerrette anxiety and emotional distress.

39. Ms. Guerrette was harmed by Wells Fargo, and is entitled to statutory damages, actual damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a).

**COUNT TWO: VIOLATION OF FCBA**

40. Plaintiff alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

41. Ms. Guerrette is a consumer as defined in 15 U.S.C. § 1602 (i).

42. Wells Fargo is a "creditor" as defined in 15 U.S.C. § 1602(g) because Wells Fargo regularly extends consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required.

8

43. Ms. Guerrette notified Defendant on several occasions of a "billing error" as defined by 15 U.S.C. § 1666(b).

44. Defendant's actions to continue to bill Ms. Guerrette for an account which they knew was the result of fraud and identity theft constitute violations of the FCBA including, but not limited to the following sections:

    a. § 1666(a)(B)(i) - Failing to make appropriate corrections in the account of Ms. Guerrette.

    b. § 1666(c) - Engaging in an attempt to collect an amount of which they were not entitled.

45. Because of Defendant's conduct, Ms. Guerrette incurred legal fees in her defense of Defendant's collection attempts.

46. Defendant's conduct caused Ms. Guerrette anxiety and emotional distress.

47. Ms. Guerrette was harmed by Wells Fargo, and is entitled to statutory damages, actual damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1666(e).

<strong><u>COUNT THREE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u></strong>

48. Plaintiff alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

49. The Defendant's alleged conduct was extreme and outrageous.

50. The Defendant knew, should have known, or intended, that this conduct would result in Ms. Guerrette's serious emotional distress.

51. Ms. Guerrette suffered serious mental anguish and distress of a nature that no reasonable person should be expected to endure.

52. As a direct and proximate result of the Defendant's conduct, Ms. Guerrette suffered damages in an amount to be proved at trial.

53. The Defendants' actions in this matter have been willful and malicious or have been undertaken with such reckless disregard of Ms. Guerrette's rights that malice may be inferred, subjecting the Defendants to liability for punitive damages.

## COUNT FOUR: INVASION OF PRIVACY

54. Plaintiff alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

55. The Defendant's conduct wrongfully intruded into Ms. Guerrette's private life by sending multiple billing statements and a demand notice for a debt not owed.

56. The Defendant recklessly and/or knowingly engaged in this course of conduct.

57. The Defendant engaged in this conduct in such a manner as to cause outrage or mental suffering, shame, or humiliation to a person of ordinary sensibilities.

58. Ms. Guerrette suffered this outrage, shame, and humiliation because of Defendant's conduct.

59. As a direct and proximate result of the Defendant's conduct, Ms. Guerrette suffered damages in an amount to be proved at trial.

60. The Defendants' actions in this matter have been willful and malicious or have been undertaken with such reckless disregard of Ms. Guerrette's rights that malice may be inferred, subjecting the Defendants to liability for punitive damages.

## COUNT FIVE: NEGLIGENT MISREPRESENTATION

10

61. Plaintiff alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

62. Defendant materially misrepresented that Ms. Guerrette defaulted on a personal loan and reported false allegations against Ms. Guerrette to her detriment.

63. Defendant's material misrepresentations against Ms. Guerrette were done with utter disregard and recklessness as to the truth or falsity of the events.

64. Defendant's material misrepresentations against Ms. Guerrette were done negligently and misled credit reporting agencies and the community in general.

65. As a direct and proximate result of the negligent misrepresentations of Ms. Guerrette by Defendant, Ms. Guerrette has been exposed to public contempt, ridicule, shame or disgrace that has adversely affected her and has suffered expenses in an amount not yet ascertained. Ms. Guerrette has further sustained embarrassment, humiliation, and her ability to enjoy life has been adversely affected, thereby entitling Ms. Guerrette to punitive damages, as well as compensatory damages from Defendant and other costs and fees.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff MEGAN GUERRETTE respectfully requests the following relief from Defendant Wells Fargo Bank, N.A:

A. For an award of actual damages to Ms. Guerrette of at least $15,394.91 and in a total amount to be determined at trial against the Defendant for the allegations contained in all Counts of the Complaint;

B. For punitive damages in an amount to be determined to Ms. Guerrette from the Defendant for the allegations contained Count III, Count IV, and Count V.

C. For an award of all of Plaintiff's reasonable attorneys' fees and costs against the Defendant for the allegations contained in all Counts of the Complaint; and

D. For all other relief this Court deems just and proper.

        Respectfully Submitted,

        /s/Marita I. Ramirez
        Marc E. Dann (0039425)
        Brian D. Flick (0081605)
        Marita I. Ramirez (0101882)
        DannLaw
        15000 Madison Avenue
        Lakewood, OH 44107
        (216) 373-0539
        (216) 373-0536 e-fax
        notices@dannlaw.com

        *Attorneys for Plaintiff Megan Guerrette*

## JURY DEMAND

Plaintiff Megan Guerrette hereby respectfully demands a trial by jury on all such claims that may be so tried.

                                                                                              Respectfully submitted,

                                                            <u>/s/ Marita I. Ramirez</u>
                                                            Marc E. Dann (0039425)
                                                            Brian D. Flick (0081605)
                                                            Marita I. Ramirez (0101882)
                                                            DannLaw
                                                            15000 Madison Avenue
                                                            Lakewood, OH 44107
                                                           Phone: (216) 373-0539
                                                           Facsimile: (216) 373-0536
                                                           notices@dannlaw.com

                                                           *Counsel for Plaintiff Megan Guerrette*